Mr. Keat, whenever you're ready. My name is Philip Keat. I'm here on behalf of the petitioner Sarah Bennett. This is the case of the Veterans Canteen Service employee who was fired in 2008. When she appealed to the MSPB, the administrative judge found that the case was outside the board's jurisdiction, and he based that decision on the board's earlier decision, Chavez v. DVA, and I will therefore be addressing the rationale expressed in Chavez's decision. Ms. Bennett was a non-preference-eligible employee in the acceptance service, working for the Canteen Service. The jurisdictional issue is framed by two laws, 5 U.S.C. 7511, which defines employee for the purpose of Chapter 75, and 38 U.S.C. 7802, which the government claims creates an exception to the definition of employee found in Section 7511. Mr. Keat, if we were to assume there's no legislative history, you call it administrative history, assume that all we have in this case is the statutory language, do you agree you lose? No. The statutory language? Right. Of 7802? Right. We agree with the board's statement in the Chavez case that the language of 7802, as it exists today, leaves Ms. Bennett as an employee under 7511. And it's a very funny thing that both government parties have argued that the current 7802 excludes Ms. Bennett, but what the board did in Chavez's say, you look at everything, gee, 7802 on its face does not create an exclusion. But shall we have found by Chavez, even if Chavez is, as you say, inconsistent, because even if the board in Chavez said the plain language of 7802, it is E now, it is 5 then, right? Yes. Even if the MSPB said that, we're not bound by that. Very good. And nor are you bound, of course, by the final conclusion that Ms. Bennett loses. So, but why isn't the language of 7802E clear on its face when it says both appointed and removed without regard to the provision of Title 5? All right. The board, correctly or not, accepts OPM's rationale that an implicit exclusion from 7511 is created only by a law that says the people can be appointed or removed without respect to the civil service laws. The board in Chavez makes a distinction and has in other cases. If the agency-specific law says appointed without respect to civil service laws, there's If the law merely says, as 7802 says now, can be appointed and removed without respect to the laws regarding the competitive service, the board has correctly held and OPM correctly says that all that means is they're in the accepted service. And if they're in the accepted service, 7511 as amended, after two years, Ms. Bennett has appeal rights. I guess it's an odd thing. We have. It says appointed and removed without regard to the, and then Congress even added the to be removed language, without regard to the provisions of Title 5 governing appointments in the competitive service, Title 5 governs more than just whether you are technically in the accepted service. So why shouldn't, quite frankly, it seems like the interpretation you'd like me to take is a bit strained. Well. And I'm a plain meaning kind of gal. All right. And so I'm looking at this language and I'm struggling. All right. Let's, if we could go back to 7511, which is a starting point and everyone agrees that under the plain language of 7511, she's an employee, right, Congress, Congress received a problem when the Supreme Court in Fausto overruled this court's decision, this court's correct decision, when the Supreme Court said there's no appeal rights and no judicial appeal for non-preference eligible accepted service employees, Congress responded with a remedial legislation and it's a very specific legislation. It says any non-preference eligible accepted service employee with two years of service has due process rights and then it has exceptions. Congress considered whether to make exceptions. I agree. This is in the legislative history. In particular, what you're pointing out, I think, if I'm understanding where you're going with this, was in the legislative history it showed there were going to be one more exception to 7511 than is currently present in the statute and that one more exception would have explicitly excluded people exactly like Ms. Bennett. Is that correct? That's correct. And Congress chose not to add that, but isn't it possible they chose not to add that because they already had 7802E and YB redundant? Actually the other seven agencies, in fact, did have special language giving them separate appeal rights. There's a Foreign Service Appeal Board and the FBI has appeal systems. Yeah, we can guess, but it's a remedial legislation. What's wrong with legislative history is we don't really want to engage in the guessing game. Yes. We've got plain language here and you'd like me to take that plain language and what would I... Well, all right, here's a problem, Your Honor. There's no doubt that the current 7802 allows, leaves intact 7511A, which is appeal rights for veterans. It says it. It says that any... The agency... But Ms. Bennett's not a veteran. That's correct. That's correct. Again, I'm in a strange position of agreeing with OPM. The only implied exclusions from 7511 are those in which the agency-specific law had barred appeal rights for all employees, including veterans. There's no... The Congress saw a problem, which was that accepted service, non-preference-eligible employees didn't have an appeal anywhere. It passes a law saying they were given that appeal. I don't understand your argument with respect to the Veterans Preference Act. I truly don't and I tried to figure it out. She's a non-preference-eligible employee. That's correct. So what is the implication of the Veterans Preference Act to how we construe this particular statute? The way this case was litigated, that's Chavez, the way this argument has gone on at the MSPB and before this court in several cases, the government has claimed that there are agencies in which Congress barred due process and adverse actions for all employees. OPM says you can tell that... Let me back up. It's the government that's saying if there had been a law that implicitly or explicitly said these employees can be hired and fired without respect to civil service laws, including the Veterans Preference Act, then the amended 7511 doesn't create rights for any employee in those agencies. But the fact that a law... I don't know where we're getting all of that or what the implications are for this. Are you taking from that that because OPM is not saying that this 7802 language excludes veterans preference people, then it can't possibly be an exception to 7511? Well, that's what the board ruled or held. And at minimum, I suggest, Your Honors, if... I mean, the... Where? Pardon? Where? Where does... They held that. Where did the Chavez say that? Yeah. That's what Chavez says. Chavez is on page 593. In the... In the paragraph on that page, cites OPM's rationale that a legislative exclusion from the appointing requirements of Title V was required for statutory exclusion from Chapter 75, and quotes the regulation, which also... Which says, does not indicate that the appointment and removal of employees, quote, without regard to provisions of Title V government appointments in the competitive service, is the same as exclusion from Chapter 75. It just doesn't... It just means they're in the accepted service. Thus, on its face, says the board, 38 U.S.C. 7802 does not appear to exclude the appellant from the appointing requirements of Title V in general. And that's the opinion or the understanding of OPM and the understanding of MSPB, and an administrative decision like this can be upheld, if at all, only based on the rationale of the administrative agency. That's free... The court is certainly free to remand, to consider this argument that has never been made by VA or by the MSPB.  KEEFE. Mr. Keefe, do you want to save your rebuttal time?  KEEFE. Yes. MR. KEEFE. Thank you. Ms. Braden, I understand you want to split your time with Mr. Bennett. MS.  Yes, sir. MR. KEEFE. So you'll take 10 and he'll take 5. MS. BRADEN. Yes, sir. Good afternoon. Good afternoon. May it please the Court. The Barrett Systems Protection Board does not have jurisdiction over Mrs. Bennett's appeal. Until her removal, Mrs. Bennett was an employee of the Department of Veterans Affairs, Veterans Canteen Service. MS. BRADEN. Counsel, do you agree that the MSPB decision Chavez held that, on the plain language of Title V in general? MS. BRADEN. No, I do not agree with that. MS. BRADEN. So what does that language that opposing counsel read to us mean when Chavez, the MSPB, says, thus, on its face, 38 U.S.C. 78025, does not appear to exclude the appellant from the appointing requirements of Title V in general? MS. BRADEN. However, 7802 is a specific statute that says the Secretary has the right to make laws and appointments and removals of employees. If you look at 5-7- MS. BRADEN. What does this sentence mean in Chavez? MS. BRADEN. It means it does not appear on its face. However, if- MS. BRADEN. Well, does not appear on its face means the plain language of this statute doesn't dictate that. Right? Same thing.   on its face? MS. BRADEN. It doesn't appear on its face. MS. BRADEN. Okay. MS. BRADEN. Okay. MS.  Now, I want to ask you a question. How do they come to the exact opposite conclusion in this case? Isn't the MSPB-I realize, as a part of the Executive Branch, you're allowed to change your mind, but you have to justify doing it. MS. BRADEN. I understand. MS. BRADEN. And I saw no justification in the present opinion to support why you have changed your position from Chavez, which it's not clear on its face, to today it is clear on its face. And this was his argument throughout his brief, and you can evidently see it addressed. MS. CHAUNCEY. And Chavez is the employee lost, right? There was no- MS. BRADEN. The employee lost on the basis of legislative history. But the MSPB concluded that the plain language of the statute didn't result in the employee losing. It was the legislative history that informed the decision. And today you take a different position, and you don't even respond to his arguments, which I've just outlined in your brief. MS. CHAUNCEY. If you go back to the original 38 U.S.C. 4202, where the Secretary had the right to make laws and regulations for appointments and removals, and when that particular statute was revised to the present statute, which is 38 U.S.C. 7802, the legislative history – I understand what you're saying, I believe – legislative history in that particular statute said that it made no substantive changes. If you look at 5 U.S.C. 7511, the board only has the jurisdiction that's granted to it by statute, law, and rule of regulation.  NISBET. I don't think you're really answering my question, though, Counsel, because my question is, the MSPB has changed its position from Chavez to today without any justification. The MSPB position in Chavez was the plain language of 7802.5 didn't say that appellants like Chavez or Bennett had no Title V rights. The plain language did not control. And that was his argument throughout, as I understand it. And today, we have an opinion before us saying the plain language of the statute governs. Now, I might agree with you, and that's a matter of law, and I can decide it. But what bothers me is the MSPB taking a 180-degree turn on something without justifying it. COUNSELOR HARRIS. I don't – well, I don't necessarily agree that it has taken a 180-degree turn. What MSPB has done was to look at the legislative history and look at the 38 U.S.C. 7802 showing that the Secretary has a right to make these rules and regulations that apply to persons employed with the Veterans Canteen Service. And if you look at 5 U.S.C. 7511, which defines employees, it talks about who the employees are. And it says if you look at the employees, it may look like Ms. Bennett is an employee and is entitled to appeal to the board. However, if you look at D, subpart D, 5 U.S.C. 75752-401-D12, it says an employee – it excludes an employee whose agency or position has been excluded from the appointed provisions of Title V. Thirty-eight U.S.C. 7802 did not change in any substantive manner. I need to get some clarification here. I'll just follow up on Judge Morris because I want to give you a chance. I didn't want to interrupt, but I'm not sure you're getting to my point and Judge Morris. If we just had the language in 7802, if we had never had any previous language, if Congress just enacted it, based on this language precisely, would it be OPM or MSPB's view that this language would foreclose employees from the Veterans Canteen Service? Yes. What is it in this – because that's not what your brief says. As I understand your brief, you're not relying on this language. You're relying on preceding language and then saying preceding language plus the statement that they didn't want to change anything leads us to interpret this broadly. But I thought you had conceded that this language would not cover this appeal. Well, I think – excuse me – I think this language would not cover it if you take it by itself. But if you add – That's my question. No, that's my question. No, so that's my question. If all we had was the current language in 7802, there had been no amendment, no preceding language, would this language cover her or not cover her? I think it would – I think it would not cover her because I – It would not cover her and therefore – I think – She would have rights under this. No, she would not have rights. Well, okay, what if this language just excludes her? It says that the Secretary can appoint employees without regard to Title V. And without regard to Title V, as I understand it, we – Well, it doesn't really say that, does it? Without regard to the provisions of Title V governing appointments in the Competitive Service and Chapter 51 and Subchapter 3 of 53 of Title V. Yes. So you could screw that as precisely dealing with the Veterans Canteen Service. Yes. And the Veterans Canteen Service, as I said earlier, it is our view that the Board only has that jurisdiction that is granted to it by law, rule, or regulation. The plaintiff – the petitioner has put forth no law, rule, or regulation that specifically puts the Veterans Canteen Service under the jurisdiction of the Board. So it doesn't have to exclude it. It was never included in there in the first place. And if you add – I think the argument is they're included under 7511. Right. I'm saying under 7511, even if she meets the definition of employee, 75 – even if she meets the definition of employee, 752-401 would exclude her on the D-12 because it said if you excluded under any other provisions, then you were excluded from 7511. And you're saying she's excluded under – under 7802-D? Under 7802-D. Yes. She is excluded. And are you saying she's excluded under 7802-E based on the plain language of 7802-E? Or are you saying we have to resort to legislative history and previous statutory language to reach the conclusion that she's excluded? I believe she's excluded on the basis of 7802-E, but the legislative history, in my opinion, helps to clarify what is in 7802-E. Well, there's something clear on its face. But is it ambiguous? Yeah. Something's clear on its face. We don't need legislative history. Well – But it's ambiguous, right? Well, it's not – she's not included. She's not included. It says without regard to Chapter 5. So is the government's position that the plain language on its face of 7802-E causes her to be excluded from Title V? Yes. Yes, it does. Now, could you explain for a minute – there's this other issue lurking there, which I asked Mr. Keat about – no, Veterans Preference. Can you – do you have a view? I don't think you mentioned you or the other – Well – – referred to the argument Mr. Keat was making with respect to the Veterans Preference. She's not preference eligible. We didn't think we had to because – excuse me.  And if you look at 5 CFR 752-401, it says that if you're excluded by other statutes, the other statutes – the other statutes covers Veterans Preference. So if a person is a veteran, we believe possibly they're included under the board. That does not exclude veterans under the board's coverage. If she were a veteran, preference eligible veteran, would she have appeal rights? We believe she would. And that is notwithstanding the clear language of 7802, she would still have appeal rights. Why? Because if you look at – if you look at 5 CFR 752-401-D12, it talks about – it says what is excluded. At the beginning, it talks about who is included. D12 talks about who is excluded. Under D12, it says it excludes an employee whose agency or position has been excluded from the appointing provisions of Title V, United States Code, by separate statutory – by separate statutory authority in the absence of any position to place the employee within the coverage of Chapter 75 of Title V. So if you look at this particular section, the veterans are not – are not in that group of people who are excluded, so they would be included. Why? It doesn't specify preference eligible or non-preference eligible. I'm sorry, ma'am? I'm sorry. Maybe I don't understand. 72802E doesn't seem to specify – unless I – maybe I'm wrong and you can correct me, please – but it doesn't seem to specify preference eligible or non-preference eligible. It doesn't use the word veteran. No, it does not. So what about 7802E tells you it applies to only non-veterans? Well, because you have a separate statute dealing with veterans. And the separate statute dealing with veterans brings veterans in. And if you have a general statute dealing with, say, 5 – 5 U.S.C. 7511, which is a general statute excluding and including certain types of employees, that does not trump or eliminate a specific statute. There is a specific statute that brings veterans in, so therefore they are not excluded. That's under the Veterans Preference Act. Yes, sir. The other issue that the petitioner brings up is that the board should have given the appeal rights. And we believe that the agency had no responsibility to give petitioner appeal rights where there are no appeal rights. You don't have the authority to do that. Right, they don't have the authority. And the second – the last one is on the issue of the timeliness of the appeal. We believe that the timeliness of the appeal is not before this court because it was not ruled on by the board. So if, for an example, and I hope this court will not, and I don't believe it should, find that the board had jurisdiction, say, assuming for the moment that the court says, Board, you have jurisdiction, it would go back to the board and the board would still have the responsibility to deal with the timeliness issue of the appeal because she was approximately one year late. Therefore, that issue of timeliness, to the extent that the petitioner has argued or put something in the brief regarding the timeliness issue, that issue we believe is not before the court. And I would submit to the court, however, that the board does not have jurisdiction over petitioner's appeal because the petitioner is a non-preference eligible, or was, rather, a non-preference eligible in the Veterans Canteen Service at the time that she was discharged and the board has no appeal rights and the board has no responsibility to adjudicate her case and cannot, has no authority to do so where the board has no jurisdiction over the appeal. And I'll leave the rest of my time to you. Ms. Reardon, you're into Mr. Bennett's time. Mr. Bennett, we'll restore two minutes of your time. So we'll have four minutes. May it please the court, my name is Hunter Bennett. I represent the Department of Veterans Affairs in this matter. Why should I assume? Not as far as I'm aware, Your Honor. Your Honor, it's the Department of Veterans Affairs position that the plain language of Section 7802E by itself does, in fact, exclude the petitioner from the protections of Chapter 75. Do you agree that if Ms. Bennett was a veteran that she would have appeal rights? We do agree, Your Honor. In fact, the Veterans Canteen Service does have some employees who are preference eligible and it's their position that if those employees were terminated, they would have the right to appeal that termination to the MSPB. Now, with respect to the plain language of Section 7802A, what that provides is that the Secretary shall employ such persons as are necessary for the establishment, maintenance, and operation of the service, and for the salaries, wages. Was she committed of service or accepted service? She was accepted service, Your Honor. But doesn't the language that you underline, well, you don't underline it, but on page 11 of your brief, it says, and removed by the Secretary without regard to provisions of Title V, governing appointments in the competitive service. Does that matter? We don't believe it does, Your Honor. And it's instructive in this case to take a look at 58 FR 13191-01, which is the supplementary information to 5 CFR Section 780. Is that somewhere in your brief? It's not, Your Honor. This is something that upon reading Petitioner's reply brief, his argument with respect to many of these items became more clear than it had been initially. Okay. So why don't you tell me in English rather than, I don't have the site in front of me. Okay. If you take a look at the supplementary information, what it says, and this is under a section entitled, Positions which are excluded under agency statutory authority. And what it says is, discussion with agencies has suggested to OPM that some minor changes would clarify the meaning of Section 752.401D12, pertaining to these employees whose positions have been excluded by statute from the appointing provisions of Title V, United States Code, and in some cases, other provisions as well. The problem with trying to characterize the groups of positions that are Title V, United States Code, but not specified in the DPA exclusions, is that Congress has used variable language to describe these exclusions, ranging from exceptions to the appointing requirements of the competitive service to exclusions from all provisions of Title V. The most commonly used language, however, provides appointing authority for the agency head, quote, without regard to the provisions of Title V, United States Code, governing appointments in the competitive service, end quote, or in some cases, quote, without regard to the civil service laws. Can you give it to us in simple English? I can, Your Honor. What they're saying here is that the most commonly used language in statutes to explain that employees are accepted from Chapter 75's protections is, without regard to the provisions of Title V, United States Code, governing appointments in the competitive service. So you're saying, what is this, by the way? Is that entitled to some Chevron deference? Is that an agency reg? It is the supplementary information to OPM's regulations which were passed to clarify which employees were subject to the Civil Service Due Process Reform Act of 1990. So that's their take, is that even if you say appointments in the competitive service, you're intending to cover all appointments, not just those in the competitive service? That's correct. What they're saying is that this is the most commonly used language by statutes noting that employees of certain agencies are not covered by the protections of Chapter 75. Just so I understand clearly, though, that is supplemental information. It is not itself a reg. That's correct. It's not entitled to any deference. This is their legislative history spin on a reg. That is correct, Your Honor, though you'll note that in Petitioner, both his initial brief and his reply brief, he relies upon the supplementary information as well. So is that really the case, that if we took this language literally, it is limited to the competitive service, and since she's not in the competitive service, was she accepted service? Is there a competitive service versus accepted service? I believe that everybody in the Veterans Canteen Service is accepted service. And so therefore, is that, and therefore not competitive service? Does being in the accepted service mean you're not in the competitive service? That's correct, Your Honor. Okay. So what your position is, the language read literally does not include accepted service employees, but because of this thing you're citing to us, we should construe competitive service to include competitive and accepted service. Is that the position of the government? Well, our position would be, Your Honor, that even if you just were to take the literal language, although it says competitive, although it says competitive service, we believe that the plain meaning of the language, as the OPM supplementary information points out, that's the language that's most commonly used to denote that employees are not covered by Jefferson. But this is a pronouncement? This is what we tell you Congress intends? Whenever they use one word, they mean something else? So we're supposed to construe the statute on that basis? I understand how Your Honor may have some reservations about that, but I'm not sure that it's ultimately necessary to decide this to decide this case. Because as Chavez pointed out, there is this predecessor statute, Section 42025, which said that employees of the VCS could be appointed and removed without regard to the civil service laws at all. Well, that's what Judge Moore, I think, was getting on initially. So let's just be straight up. You're not asking us, I mean, that's what I understood, at least, was the MSPB's argument. Not that this language was clear. This language is ambiguous. It doesn't cover Roman space. But if you take the predecessor language and the legislative history, then we're going to glob that broad language of the predecessor statute onto this provision. Is that the government's position? Yes, that would certainly be the government's alternative position, Your Honor. And, again, it's significant to note, as I believe Ms. Reardon pointed out, that in 1982, when Congress amended the language of Section 42025, although it did change it to the language as it reads currently, it made specific note in Section 5A of the Amendatory Act that it was not changing the substance of the provision at all, which is how Chavez arrived at its conclusion. Can I just put a clarification? You don't cite, I didn't see that you were citing, you referred to this legislative history, the statement that they weren't changing the act at all. Yes. Where is that statement found? Is it found in the statute itself? It is, Your Honor, and if you'll give me a moment, I will come over here. I have it as well. The citation, Your Honor, would be PL 97-295, 1982, HR 4623. And on the second-to-last page of a fairly lengthy statute, it says Legislative Purpose and Construction, and it says Section 5A, Sections 1 through 4 of this Act, restate without substantive change laws enacted before December 2, 1981, that were replaced by those sections. Those sections may not be construed as making a substantive change and the laws replaced. Laws enacted after December 1, 1981, that are inconsistent with this Act, supersede this Act to the extent of the inconsistencies. And if you take a look at Section 42025, what that says, again, is that as a general proposition, all employees of the Veterans Canteen Service can be appointed and removed without regard to civil service laws. Now it carves out a small exception when it says that the Veterans Preference Act applies, but that very small and discrete exception applies only to preference-eligible employees. The rest of the employees who aren't preference-eligible are subject to the general prohibition or the general provision which says that employees of the Veterans Canteen Service can be appointed and removed without respect to the civil service laws. Mr. Bennett, do you have any more to add? I do not, Your Honor. Thank you. Any more questions? Thank you. Thank you, Your Honor. Let me start first with the predecessor law. The board in Chavez, after finding that on its face the current law is in Ms. Bennett's favor, said, well, gee, the predecessor law was not. And they correctly emphasized, and the counsel is right, that there was no intention to change the meaning of the law. The rule of statutory construction is, and so there's the very section of Southerland on statutory construction that the board referenced in Chavez, is that if it's clear there's not an intended change in the meaning of the law, then it's the last enactment is treated as a clarification. It's the last enactment which is the Congress's true intent. So that works in our favor. Which was the last enactment? That's the current one. There's only been two. After 1981? That was 1982, I believe. I would treat this Federal Register as the administrative history. It is LPM's explanation for 5 CFR, whatever it is, 752.41012B. It goes on to say, says, and I'll quote him, in other words, when agencies have the power to appoint without respect to the usual competitive or civil service laws, including veterans' preference, the broad authority brings it, means the employees aren't covered, don't have appeal rights. And they say elsewhere in the same notice, if positions were previously effectively excluded by an agency's statutory authorities from adverse action protections, whether the incumbents were preference eligibles or not, they continue to be excluded. As all LPM is saying is that if prior to the Due Process Act, all the employees of an agency were excluded because Congress said these people shall have no due process rights, the Due Process Act didn't, amendments didn't make any change in that. And there isn't, according, OPM and I believe that it's all one thing. You're either excluded from Chapter 75 or you're not. And if there's an exclusion, then everybody's excluded. Otherwise, the Due Process Act, it's a clear, clear on its face. I believe the organic law of every single agency says the secretary can hire and fire. That's, that's, of course, that's, you know, it's an authority thing. The question is that the MSPB... ...has the authority to hire non-preference versus preference, does it? Is that within the authority of every secretary? Or does that depend on the statutory authority? That is correct. And I'm just, you know, this is a, I'll ask the Court's indulgence, this is the first time the question has arisen that anyone's argued that Congress, when it created the Veterans Canteen Service in 1946, passed a law with the intention and the obvious meaning of, if 40 years from now, Congress, we, Congress, pass an amendment to Chapter 75, which didn't exist at the time, that says non-preference eligible employees have due process rights, that back in 1946, Congress intended to say they can't, we can't do that. That's, if you can have, it's thinkable that there's a law that says only, only 7511A applies to this agency, only the Veterans Party, or only 7511A and B apply to this agency. Congress can pass such a law, but to suggest that it implicitly did is just not there. There's no requirement that Congress list every accepted service employee in order to be, for the due process amendments to be effected. They don't have to. They get to have a broad law, and it's subject to specific exceptions, like the ones that this Court relied on in the Todd case. In the Todd case, it said, the law said, the management can hire and fire without respect to civil service laws except, including the following laws do not apply, 7511, 7512, 7701. That's a specific, narrow, clear exception. Mr. Keat, do you have any other thoughts to add? One more sentence and then I'll be it. Yes. One sentence. Everyone concedes that Ms. Bennett falls within the language of 7511. The full Board has said that the current language of 7802 does not on its face exclude her, and the original law did not exclude all employees from adverse action protections. The Board has jurisdiction. Thank you. Case is submitted. Thank you.